**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5072

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

KENNETH ROBERT GODSEY,

            Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Thomas E. Johnston, District Judge.  (1:08-cr-00016-1)

Submitted:  May 12, 2010               Decided:  June 3, 2010

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Robert Godsey pled guilty, pursuant to a written plea agreement, to one count of mailing threatening communications, in violation of 18 U.S.C. § 876(c) (2006). The district court calculated Godsey's imprisonment range under the U.S. Sentencing Guidelines Manual (2007) at 33 to 41 months, but imposed an upward variance and sentenced Godsey to 60 months' imprisonment. Godsey appeals his sentence, arguing that the district court erred in failing to articulate on the record its consideration of the sentencing factors under 18 U.S.C. § 3553(a) (2006).[*] Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Godsey does not contest the substantive reasonableness of his sentence.

---

[*] Because the Government has not sought enforcement of the plea agreement's appeal waiver, we need not consider whether the waiver is dispositive of this appeal. Cf. United States v. Blick, 408 F.3d 162, 168-70 (4th Cir. 2005) (enforcing a plea agreement's appeal waiver where the Government sought enforcement, the issues raised fell within the waiver's scope, and no claim was presented that the Government breached its obligations under the plea agreement).

2

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. We must then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

In evaluating a district court's explanation of a selected sentence, this court has held that, although a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every single factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court still "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising

3

[its] own legal decisionmaking authority." <u>Id.</u> (internal quotation marks omitted). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." <u>United States v. Moulden</u>, 478 F.3d 652, 658 (4th Cir. 2007).

Because Godsey did not object to the adequacy of the district court's explanation for the chosen sentence "[b]y drawing arguments from [18 U.S.C.] § 3553 for a sentence different than the one ultimately imposed," our review is for plain error. <u>United States v. Lynn</u>, 592 F.3d 572, 577-78 (4th Cir. 2010). To prevail under this standard, Godsey bears the burden of establishing that plain error by the district court affected his substantial rights. <u>Id.</u> at 580. In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed was longer than "that to which he would otherwise be subject." <u>United States v. Washington</u>, 404 F.3d 834, 843 (4th Cir. 2005) (internal quotation marks omitted).

Here, in addition to stating that it considered the "[a]dvisory Guideline[s] range" in determining Godsey's sentence, the district court also evaluated Godsey's continued

4

sending of threatening communications, even after a prior conviction for the same offense and a resulting prison sentence at the statutory maximum, his refusal to get help for the psychological problems influencing his decisions to send such communications, and the number and violent nature of the communications. The district court thus clearly considered particular § 3553(a) factors; namely, Godsey's history and characteristics and the nature and circumstances of his offense. Further, the district court also evaluated and addressed the need for the sentence to reflect the seriousness of Godsey's offense, to promote respect for the law, to deter Godsey, and to protect the victims and the public, noting that an upward variance was justified in light of the violent nature of his continued threatening communications and his refusal to cease his criminal behavior. The district court not only explicitly stated its consideration of the § 3553(a) factors in accordance with Gall and this court's precedents, but also articulated how the sentencing factors applied to this case. We therefore conclude that the district court did not plainly err in explaining its decision to impose the 60-month sentence. The sentence is procedurally reasonable, and Godsey does not challenge the substantive reasonableness of the sentence.

Finding no abuse of discretion, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED